O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| RAYVELL SNOWDEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PISMO BEACH; STEVE WEIR; GREG ROACH; JULEE VANDUSEN; DOES 1-50, inclusive <br><br> Defendants. | Case № 2:15-cv-1389-ODW(MRWx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [10] AND MOTION FOR SANCTIONS [14]** |

## I. INTRODUCTION

The instant action arises from the alleged "racial profiling" and civil rights violations of Rayvell Snowden, Jr. Defendants City of Pismo Beach, Steve Weir, Greg Roach, and Julee Vandusen filed a Motion to Dismiss on the grounds that the instant action is barred by a two-year statute of limitations. Defendants also filed a Motion for Sanctions in the amount of $2,500 on the grounds that Plaintiff's counsel knew, or should have known, that the instant action is barred by the statute of limitations. For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss and Motion for Sanctions. (ECF Nos. 10, 14.)

## II. FACTUAL BACKGROUND

On September 12, 2012, the Pismo Beach Police Department ("PBPD") received report of a burglary at the local Coach Outlet. (Compl. ¶ 18.) The report

stated that three African-American males entered the store, grabbed approximately $5,000 worth of purses, and fled the scene in an "older white Suburban." (*Id.*) PBPD held a meeting during which officers discussed possible suspects. (*Id.* ¶ 19.) Sergeant Steve Weir and Officers Greg Roach and Julee Vandusen attended this meeting. (*Id.*)

Officer Roach provided the names of two African-American males, Anthony Lamont Berry, Sr. and Anthony Lamont Berry, Jr. (*Id.* ¶ 20.) A vehicle check indicated that Berry, Sr. had three vehicles registered in his name: (1) a 2004 Ford Mustang registered to an address in Santa Maria, California; (2) a 1992 Lexus registered to an address in Grover Beach, California; and (3) a 2006 Suburban registered to an address in Arroyo Grande, California. (*Id.*)

On September 13, 2012, Officer Vandusen confirmed that none of the vehicles were present at any of the registered addresses. (*Id.* ¶¶ 21–23.) The next day, Officers Roach and Vandusen went to the Grover Beach address, where the 1992 Lexus was registered, and observed an unknown African-American male, later identified as Rayvell Snowden, Jr. (*Id.* ¶ 25.) The officers noted that Snowden was wearing prescription glasses. (*Id.*) None of the burglars were reported to wear glasses. (*Id.*)

On September 18, 2012, Officer Vandusen returned to the Grover Beach address with Sergeant Weir. (*Id.* ¶ 26.) They saw Snowden outside the residence, approached, and asked for his identification. (*Id.*) Snowden complied and explained that he had lived at that address for approximately one year with his girlfriend and her daughter. (*Id.*) According to Officer Vandusen's investigation report, at the time of contact with Snowden, it was unknown if he had any involvement with the burglary. (*Id.*)

On September 20, 2012, Officer Vandusen showed two witnesses a photo array, which included Snowden's photo obtained from DMV records. (*Id.* ¶ 27.) Neither witness was able to positively identify Snowden. (*Id.*) On September 26, 2012, police obtained a warrant for Snowden's arrest and to search his residence. (*Id.* ¶ 28.)

Around noon that day, officers forcibly entered Snowden's home and arrested him. (*Id*.) They searched his residence, but did not discover any stolen items. (*Id*. ¶ 29.) Officers later interrogated Snowden; however, he maintained that he had no knowledge of the burglary. (*Id*. ¶ 30.)

PBPD forwarded Snowden's case to the San Luis Obispo District Attorney's Office for felony charges of burglary and grand theft. (*Id*. ¶ 31.) After several days in jail, Snowden posted bail and was released. (*Id*. ¶ 32.) On October 17, 2012, the District Attorney's Office moved to dismiss the case citing insufficiency of evidence. (*Id*. ¶ 33.) The case was dismissed that day. (*Id*.)

On July 29, 2014, Snowden's attorney, David L. Fisher, paid the filing fee to file a civil suit. (Case No. 2:14-cv-5863.) However, on July 30, 2014, the Court notified him that:

> The following error(s) was found: Only those cases meeting the requirements of the Courts Attorney Case-Opening Pilot Project may be opened electronically. You have attempted to open this case electronically but have failed to successfully upload the required PDF version of your initiating document [Complaint]. The Clerk therefore cannot determine if this case qualifies as part of the Attorney Case-Opening Pilot Project. If the case does qualify as part of the Attorney Case-Opening Pilot Project, *you must file the initiating document [Complaint] within two business days of this notice or the docket for this case number will be closed and no further filings will be permitted under this case number.* If this case does not meet the requirements of the Attorney Case-Opening Pilot Project, you must file the case manually, pursuant to Local Rule 3-2, and a new case number will be assigned.

(Case No. 2:14-cv-5863, ECF No. 1) (emphasis added.) Because Fisher failed to upload the Complaint, the case was never assigned to a judge. Fisher failed to correct the deficiency and, as a result, on August 1, 2014, the Court issued the following:

> In response to the opening of this case, the Clerk issued a Notice to Filer of Deficiencies in Attorney Case Opening. The Notice indicated that unless counsel corrected the identified discrepancy within two business days, the docket for this case number would be closed and no further filings would be permitted under this case number. Counsel has not corrected the discrepancy. *Accordingly, this case is now closed and no further filings may be made under this case number. Should you wish to pursue this action, a new case must be filed and a new case number issued.*

(*Id.*, ECF No. 2) (emphasis added.)

Almost seven months after the Court closed Case No. 2:14-cv-5863, on February 26, 2015, Fisher filed the instant action against the City of Pismo Beach, Sergeant Weir, and Officers Roach and Vandusen. (Compl.) The Complaint alleges: false imprisonment, intentional and negligent infliction of emotional distress, and violations of Title VI of the Civil Rights Act of 1964, the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983, 1986, Civil Code § 52.1(b), Government Code § 11135 and 11139, and the California Constitution. (*Id.* ¶¶ 10–16.)

On March 30, 2015, Defendants filed a Motion to Dismiss. (ECF No. 10, MTD.) The hearing was set for May 4, 2015. (*Id.*) Defendants argue that the Court should dismiss the instant action because it is barred by a two-year statute of limitations. (MTD 4.) Defendants also filed a Motion for Sanctions. (ECF No. 14.) The hearing for was set for June 1, 2015. (*Id.*) Defendants request the Court impose sanctions in the amount of $6,963.50 because Fisher knew, or should have known, that the instant action is barred by the statute of limitations. (MFS. 6.)[1]

On April 20, 2015, Defendants informed the Court that Fisher failed to oppose

---

[1] Defendants request the Court take judicial notice of a claim against PBPD and Sergeant Weir served on November 26, 2012 and a copy of the docket for Case No. 2:14-cv-5863. The Court **GRANTS** Defendants' Request for Judicial Notice.

their Motion to Dismiss by the April 13, 2015 deadline. (ECF No. 11.) That day, Fisher filed a Notice of Intent to Oppose and Motion for Extension of Time to Oppose. (ECF No. 12.) Fisher claims that he received notice of Defendants' Motion to Dismiss and Motion for Sanctions, but erroneously calculated his time to oppose the former by using the hearing date of the latter. (*Id*.) On April 28, 2015, Fisher filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 15.) He does not dispute the applicability of the statute of limitations to the instant action. Instead, he contends the instant action "should have been assigned case number 2:14-cv-5863 and deemed filed with the Court on July 29, 2014," and that the two-day deadline to correct his mistake before the case was closed was "unreasonably short." (Opp'n 2, 5.) On May 15, 2015, Defendants informed the Court that Fisher failed to oppose their Motion for Sanctions by the May 11, 2015 deadline. (ECF No. 18.) Fisher did not respond.[2]

Just days before opposing Defendants' Motion to Dismiss and almost nine months after the Court closed Case No. 2:14-cv-5863, on April 24, 2015, Fisher filed a Motion for Reconsideration requesting the Court reopen Case No. 2:14-cv-5863. (Case No. 2:14-cv-5863, ECF No. 3.) Fisher's Motion contains the exact same language as his Opposition. Because Case No. 2:14-cv-5863 was never assigned to a judge, Fisher's Motion was never set for a hearing and remains undecided.

### III. LEGAL STANDARD

**A. Motion to Dismiss**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only

---

[2] On May 29, 2015, the Court issued a minute order informing Fisher that he should be prepared to discuss at the June 1, 2015 hearing why this Court should not impose sanctions. (ECF No. 19.)

satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.  Sanctions**

Rule 11(b)(2) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

A court may award sanctions in a § 1983 case under Rule 11(b)(2) if a reasonable inquiry would have revealed that the claim was barred by the statute of limitations. *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d

671, 677 (9th Cir. 2005).

## IV. DISCUSSION

### A. Motion to Dismiss

At most, a two-year statute of limitations applies to Plaintiff's causes of action. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *see Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir. 1989); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir. 1993); Cal. Gov't Code 945.6, 950.6. The Court must determine whether the instant action should have been assigned Case No. 2:14-cv-5863 and thus deemed filed on July 29, 2014 within the limitations period, and whether the two-day deadline to upload the Complaint before Case No. 2:14-cv-5863 was closed was "unreasonably short." (Opp'n 5.)

#### 1. Assigning Instant Action Case No. 2:14-cv-5863

Fisher argues that the instant action should have been assigned Case No. 2:14-cv-5863 because he "had until 11:59 p.m. on August 1, 2014 to [upload the Complaint]" and the case was "erroneously closed" earlier that day. (*Id*.) He requests the Court "correct the clerical mistake in closing the case by either deeming the [instant action] filed on July 29, 2014 or by reopening case number 2:14-cv-5863." (*Id*. at 4.) Defendants dispute that the Clerk closed the case prematurely, but contend "even if the Clerk did . . . plaintiff still had almost a full two months to refile the Complaint and still have his action be timely. Instead, he failed to refile until almost a full seven months later." (Reply 2.)

A court must compute any period stated in days by "exclud[ing] the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A). The last day to file an "electronic filing [is] at midnight in the court's time zone." Rule 6(a)(4)(A). This method of computing time applies to the Federal Rules, any local rule or court order, or any statute that does not specify a method of computing time. Rule 6(a).

On July 30, 2014, the Court notified Fisher that he must electronically file the

Complaint "within two business days" or "file the case manually, pursuant to Local Rule 3–2, and a new case number [would] be assigned." The two-day deadline did not include July 30, 2014, as it was "the day of the event that triggered the period." Rule 6(a)(1)(A). Therefore, the deadline expired on August 1, 2014. Additionally, because Fisher intended to submit an electronic filing, the last day of the two-day deadline ended at "midnight in the court's time zone." Rule 6(a)(4)(A). The Court agrees with Fisher that he had until 11:59 p.m. on August 1, 2014 to upload the Complaint, and the Clerk should have waited until the deadline expired to close Case No. 2:14-cv-5863.

Nevertheless, the Court disagrees with Fisher that the cure for this clerical mistake is deeming the instant action filed on July 29, 2014 or reopening Case No. 2:14-cv-5863. Even though the Clerk closed the case prematurely, Fisher had almost two months before the statute of limitations expired to upload the Complaint or try to reopen Case No. 2:14-cv-5863. He was notified both before and after the two-day deadline that failure to upload the Complaint would preclude any further filings under Case No. 2:14-cv-5863. He was also notified that "a new case must be filed and a new case number issued." Fisher has not argued or presented any evidence that he attempted to upload the Complaint at *any* point after the Clerk notified him that he needed to do so. **This Court will not now, almost nine months later, deem the instant action filed within the limitations period or reopen an unassigned case.**

*2. Two-Day Deadline Unreasonably Short*

Fisher argues that the two-day deadline to upload the Complaint was "unreasonably short in light of the fact that the consequence of noncompliance as decided on by the Clerk of the Court was dismissal/termination of this § 1983 civil rights action." (Opp'n 5.) Fisher filed Case No. 2:14-cv-5863 using the Court's Attorney-Case Opening Pilot Project, and July 29, 2014 "was the very first time [he] had attempted to use the Pilot Project, in any way." (*Id*. at 6.) Fisher argues that the

Clerk "should have reasonably expected users to make errors in their use of the Pilot Project." (*Id.*) He further argues that a "10-day deadline would have been much more reasonable under such circumstances." (*Id.* at 7.) Defendants contend that "[w]hile it is not unreasonable to expect that attorneys and their staff may have difficulties in e-filing initially, it is unreasonable for an attorney or their staff not to attempt to correct the deficiencies until more than seven months later." (Reply 3.)

Fisher fails to acknowledge that he waited almost seven months to file the instant action and over nine months to reopen Case No. 2:14-cv-5863. Whether the deadline to upload the Complaint was two days, 10 days, or six months, the result would have been the same. Again, this Court will not now, almost nine months later, deem the instant action filed within the limitations period or reopen an unassigned case. Therefore, the Court **DISMISSES the instant action WITHOUT Leave to Amend**.

### B. Motion for Sanctions

Defendants' counsel, Stephanie Bowen, requests the Court impose sanctions in the amount of $6,963.50 because Fisher, knew, or should have known, that the instant action is barred by the statute of limitations. (MFS 6.) Shortly after Fisher filed the instant action, Bowen contacted him to discuss whether it was timely. (*Id.* at 4.) Fisher responded that he believed the instant action was timely because it was filed on August 23, 2014. (Decl. Bowen, Ex. C.) Bowen explained that the docket showed the action was filed on February 26, 2014, and asked for documentation showing that it was filed on August 23, 2014. (*Id.*) Fisher repeatedly said he would "get back to" Bowen, but never provided any proof that the instant action was filed on August 23, 2014. (*Id.*, Exs. E–G.) Bowen asserts that she has incurred needless attorney's fees preparing and filing the Motion to Dismiss and Motion for Sanctions.

The Court finds that a reasonably inquiry—that is, simple math—would have revealed that the instant action is barred by the statute of limitations. *Estate of Blue*,

120 F.3d at 985.  Plaintiff's causes of action accrued no later than the date the criminal case against him was dismissed, October 17, 2012.  The instant action was filed on February 26, 2015, more than two years later.  In light of Fisher's failure to realize this obvious fact and failure to oppose Bowen's Motion for Sanctions, the Court finds that sanctions are warranted.  The Court hereby **SANCTIONS Plaintiff's counsel, David L. Fisher, in the amount of $2,500 because he knew, or should have known, that the instant action is barred by the statute of limitations**. Fisher has **TWO WEEKS, June 15, 2015,** to pay opposing counsel in compliance with this Court's Order.

### V.  CONCLUSION

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss and Motion for Sanctions.  (ECF Nos. 10, 14.)

**IT IS SO ORDERED.**

June 1, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**